STATE VS. MISSISSIPPI OUACHITA & RED RIVER R. R. COMPANY.

To a writ of *quo warranto* against a corporation, the response properly recites the several acts of the Legislature constituting the defendants a corporation.

An objection to a pleading for duplicity, repugnancy and immateriality should be taken by demurrer and not by motion to strike out.

By an act of the Legislature recognizing the existence of the corporation, all previous acts of forfeiture are waived.

### *Writ of Quo Warranto.*

Mr. Attorney General HOLLOWELL and Mr. GARLAND, for the State.

Mr. GALLAGHER, for the defendant.

Mr. Chief Justice ENGLISH delivered the opinions of the Court.
[1st. On demurrer to the response.]

On the application of the Attorney General, and a showing of the disqualification of the Circuit Judge, a writ of *quo warranto* was issued from this court, commanding that the defendants be summoned to show by what warrant they exercise the franchise of a corporation, under the name of the *Mississippi Ouachita and Red River Railroad Company*.

The defendants filed a response, stating that on the 29th November, 1852, John Dockery, and others, filed in the office of the Secretary of State the charter of the company, under the general corporation act of 8th January, 1851, (*Pamph. Acts,* 1850. *p.* 85,) organized for the purpose of constructing a railroad from a point on the Mississippi river, at or near Gaines' Landing, through or near Camden, on the Ouachita river, thence to some point on Red river at or near Fulton, etc., etc.

496 CASES IN THE SUPREME COURT

State vs. M., O. & R. R. R. R. Co. [MAY

That, by an Act of 22d January, 1855, (*Pamph. Acts*, 1854, *p.* 219,) the General Assembly approved and legalized the charter so framed by the company, and filed in the office of the Secretary of State, under the Act of 8th January, 1851. That the act of January 22d, 1855, was regularly passed by the two houses, signed by the President of the Senate, and approved by the Governor, but by some inadvertence, the Speaker of the House of Representatives omitted to sign it. That by Act of 14th January, 1857, (*Pamph Acts*, 1856, *p.* 117,) this omission was cured, etc.

By virtue of these several acts the defendants claim the right to exercise the franchises of a corporation for the purposes set forth in their charter.

The State demurred to the response, on the following grounds:

" 1st. Said response is no answer to the writ issued herein, but goes beyond and departs from the object enquired into by said writ.

2d. Said response pleads a charter and several acts of the Legislature amendatory thereof, and insists on them as a grant, and as a confirmation, and the same is therefore bad for duplicity," etc.

The writ calls upon the defendants to show by what warrant they exercise the franchise of a corporation, etc.

The response properly recites the several acts of the General Assembly, which the defendants rely upon as constituting them a legal corporation. There being nothing in the demurrer, it is overruled, with leave to the Attorney General to answer over, etc.

[ 2d. On motion to strike out replications to the response.]

After the demurrer to the response was overruled, the State filed five replications to the response, setting up various alleged causes of forfeiture, etc. The defendant filed a motion to strike out the replications on the grounds of duplicity, repugnancy, and immateriality, etc.

The objections to the replications should have been taken by

demurrer, and not by motion to strike out. 1 *Eng.* 198; 5 *Ark.* 140; 13 *Ark.* 355; 3 *Eng.* 230; 4 *Ark.* 454; *Ib.* 203.

Motion overruled, etc.

[3d. On demurrer to replications.]

It need only be said, in relation to the causes of forfeiture, alleged in the five replications interposed by the Attorney General to the response of the defendant, that they have been waived by the act of 14*th January* 1857, (*Pamph. Acts* 1856, *p.* 111.) and the act of 31*st January*, 1859, (*Pamph. Acts* 1858, *p.* 57,) requiring the Governor to subscribe for $40,000 of the stock of the corporation, and appropriating that sum of money to pay for the same. 9 *Wend. R.* 351.

This dispenses with the necessity of enquiring into the sufficiency of the several causes of forfeiture, alleged in the replication, on the special grounds of demurrer, etc.

The demurrer to the replication is sustained, and judgment will be entered for the defendant.